# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| CAROL CIMINO | * | CIVIL ACTION |
| | * | |
| | * | NO. 07-7905 |
| | * | |
| ALLSTATE INSURANCE COMPANY ET AL | * | SECTION "L"(3) |

## ORDER & REASONS

Before the Court is Defendant Allstate Insurance Company's Motion for Summary Judgment (Rec. Doc. No. 15). For the following reasons, the motion is DENIED.

## I.     BACKGROUND

This case arises out of property damage as a result of Hurricane Katrina. The Plaintiff alleges that Hurricane Katrina caused extensive damage to Plaintiff's property located at 120 Oak Manor Drive in Slidell, Louisiana. The Plaintiff originally filed suit against Allstate Insurance Company ("Allstate") in state court alleging that she held a Deluxe Plus Homeowners Policy with Allstate covering her home and naming her as the insured. The Plaintiff alleges that her home was rendered a total loss due to the force of winds and flooding that occurred during Hurricane Katrina. The Plaintiff also sued Don Adoue, the agent for Allstate, and a Defendant under a fictitious name, ABC Insurance Company, which allegedly provided an errors and omissions policy of insurance in favor of Defendant Don Adue.

The Plaintiff alleges that her house flooded in 1998 and in 2003, and in both cases, she did not receive her settlement checks. The Plaintiff alleges that those breaches of contract resulted in damages in the amount of $87,000, plus interest, due the Plaintiff. The Plaintiff also claims that Allstate failed to properly adjust her claim after Hurricane Katrina, which resulted in

tender of $35,956.09 despite the fact that the Plaintiff's policy limits were $150,081 and her home was totally destroyed. The Plaintiff seeks damages for breaches of contract, mental anguish, emotional distress, as well as penalties, attorneys' fees and costs against Allstate pursuant to La. Rev. Stat. 22:658, 22:695 and 22:1220.

Allstate has answered and denies liability. The Defendant states that the Plaintiff's claims are subject to credit for any payments received from Allstate or third parties, and that Plaintiff's claims are barred by waiver, payment, estoppel, accord and satisfaction, set-off and judicial admissions. The Plaintiff's policy contains exclusions, including loss caused by flood. To the extent the Plaintiff has made a claim on her flood policy, Allstate claims that she is estopped from claiming that wind caused the same damage. Allstate denies that it breached its contractual duties to the Plaintiff and states that the Plaintiff failed to provide adequate proof of loss. Allstate denies that it acted arbitrarily, capriciously or without probable cause.

Allstate removed the suit to this Court on November 2, 2007, based on diversity. Allstate contended that the non-diverse insurance agent was improperly joined. On February 25, 2008, Defendant Don Adoue was dismissed from the case, on the Plaintiff's motion.

## II.    THE MOTIONS

Allstate now moves for judgment from the Court finding that there are no issues of material fact and that the Plaintiff has no remaining claims against Allstate for property damage that occurred during Hurricane Katrina. Allstate does not seek summary judgment with respect to the Plaintiff's claims against the National Flood Insurance Program arising out of damage that may have occurred in 1998 and 2003. The Plaintiff invoked the appraisal process and accepted a check offered by the Defendant as a result of this process. The Defendant contends that this constituted an accord and satisfaction of the Plaintiff's claims. The Defendant further seeks

summary judgment on the issue of bad faith because there is no evidence that it acted arbitrarily, capriciously, or without probable cause, and claims that the Plaintiff's mental anguish claims should be excluded as a matter of law.

In response, the Plaintiff argues that there is a genuine issue of material fact as to whether its acceptance of Defendant's check constituted an accord and satisfaction. The Plaintiff outlines a series of actions allegedly taken by Allstate in bad faith and claims that there is sufficient evidence that the Defendant acted in bad faith to constitute a factual issue inappropriate for summary judgment. Finally, the Plaintiff argues that although it may not seek nonpecuiniary damages under La. Civ. Code 1998, it may seek mental anguish damages under Louisiana Revised Statute § 22:1220. Accordingly, Defendant's motion for summary judgment should be denied.

### III. LAW AND ANALYSIS

Summary judgment is appropriate in a case if "there is no genuine issue as to any material fact." Fed. R. Civ. P. 56©. "The moving party bears the burden of demonstrating that there exists no genuine issues of material fact." *In re Vioxx Products Liability Litigation*, 501 F.Supp.2d 776, 781 (E.D. La. 2007). In determining whether a genuine issue of material fact exists, the Court must "review the facts drawing all inferences most favorable to the party opposing the motion." *Gen. Universal Sys., Inc. v. Lee*, 379 F.3d 131, 137 (5th Cir. 2004). But because "only those disputes over facts that might affect the outcome of the lawsuit under governing substantive law will preclude summary judgment," questions that are unnecessary to the resolution of a particular issue "will not be counted." *Phillips Oil Co. V. OKC Corp.*, 812 F.2d 265, 272 (5th Cir. 1987).

#### A. Accord and Satisfaction

Allstate argues that the Plaintiff's claims are barred under the accord and satisfaction doctrine and must therefore be summarily dismissed. Allstate points to the language in the homeowner's policy, which identifies the selection of an appraiser by each party as the appropriate method to calculate loss if either party makes a written demand for an appraisal. The Plaintiff counters that this matter is not appropriate for summary judgment because the Plaintiff disputes whether the appraisers fully and properly discharged their duties.

Under Louisiana law, an accord and satisfaction is a contract terminating a dispute between parties over obligations claimed due under a previous contract. *Fischbach and Moore, Inc. v. Cajun Electric Power Cooperative*, 799 F.2d 194, 197 (5th Cir.1986). The three elements essential to the confection of a valid accord and satisfaction are: (1) a disputed claim, (2) the debtor's tendering of a sum less than that claimed by the creditor, and (3) the creditor's acceptance of the payment. *Id.* at 198. Not every remittance and negotiation of a check tendered with a "full settlement" notation will constitute an accord and satisfaction. *Fischbach and Moore, Inc. v. Cajun Electric Power Cooperative, Inc., et al*, 799 F.2d 194 (5th Cir. 1986). The creditor must understand that upon acceptance of the tendered payment the claim will be deemed to have been paid in full. *Id*.

The Fifth Circuit has also held that the mutual consent of the parties to enter into the agreement is required for an accord and satisfaction, and that this determination is an essential question of fact. *See Castay Inc. v. Monsanto Co.*, 2000 WL 341030 (E.D. La. Mar. 30, 2000) (citing *Fischbach and Moore, Inc. v. Cajun Electric Power Cooperative, Inc., et al*, 799 F.2d 194 (5th Cir. 1986). A question as to a party's intent to satisfy a pre-existing obligation by way of a subsequent agreement is a question of fact for the fact-finder. *Id*. It must be clear that the creditor understood that upon acceptance of the check the claim would be deemed to have been paid in

full. *Id*. Both federal courts and courts of the State of Louisiana have refused to make such a finding on summary judgment despite the fact that the check tendered and subsequently negotiated contained a notation that the payment was in "full settlement" of the original obligation. *See RTL Corp. v. Manufacturers Enterprises, Inc.*, 429 So.2d 855 (La.1983); *McClelland v. Security Indus. Ins. Co.*, 426 So.2d 665 (La.App.1982); *Adams v. Sconza*, 380 So.2d 679 (La.App.1980); *Antoine v. Elder Realty Co.*, 255 So.2d 625 (La.App.1971).

The homeowner's policy states,

> "If you and we fail to agree on the amount of loss, either party may make written demand for an appraisal. Upon such demand, each party must select a competent and impartial appraiser and notify the other of the appraiser's identity within 20 days after the demand is received. The appraisers will select a competent and impartial umpire. If the appraisers are unable to agree upon an umpire within 15 days, you or we can ask a judge of a court of record in the state where the residence premises is located to select an umpire.
> The appraisers shall then determine the amount of loss, stating separately the actual cash value and the amount of loss to each item. If the appraisers submit a written report of an agreement to you and to us, the amount agreed upon shall be the amount of the loss. If they cannot agree, they will submit their differences to the umpire. A written award agreed upon by any two will determine the amount of loss.
> Each party will pay the appraiser it chooses, and equally bear expenses for the umpire and all other appraisal expenses."

Ex. D. Of Def.'s Mot. For Summ. J. Rec. Doc. No. 15-6.

The Plaintiff, through her public adjuster, requested the implementation of the appraisal provisions on April 3, 2006. Larry Mizell, File Handler for Allstate, sent Wayne Clamp, the Plaintiff's public adjuster, and the Plaintiff a letter on July 26, 2006 stating, "Please be advised that we have completed the appraisal process of your client's claim." The letter then stated that the estimate reflects a total claim of $98,241.52. After deductions, the payable claim was $49,678.60. The letter states, "The insured can request reimbursement of the depreciation upon completion of the repairs..." The letter concludes, "[t]his will conclude the handling of the

claim." According to the Defendants, the Plaintiff's acceptance of the payment constitutes accord and satisfaction.

The Defendant points to Plaintiff's deposition testimony in which she states, after she received the check, "When I paid him [public adjuster], that's when I figured that was the resolution of everything." Def's Mot. Summ. J. Ex. P at 92. However, at another point in the deposition, when asked if the Plaintiff thought her claim had been resolved, she said, "I don't recall thinking that it was over because when he told me they were doing the appraisal process, as I recall, it was still my understanding like whoever came out to do that process still had to go back to their office in Florida or wherever it was and do whatever they had to do." Def's Mot. Summ. J. Ex. P at 91.

The Plaintiff disputes whether the check she received represented the proper amount of damage to her property caused by wind as opposed to flood, and disputes the authority of the appraisers to determine causation. The Court has been provided with conflicting deposition testimony as to whether the Plaintiff intended for her acceptance of the check to resolve the dispute. According to the Defendant, the Plaintiff received checks from the Defendant on November 7, 2005, November 21, 2005, and February 13, 2006.  The language in the letter accompanying the check, stating that the check and correspondence would "conclude the handling of the claim," could have been clearer in light of the fact that the Plaintiff received previous checks that did not constitute the full and final settlement of the claim. Accordingly, the Court cannot conclude on a summary judgment motion that the Plaintiff intended her acceptance of the check to constitute satisfaction of her claims. The Plaintiff has set forth genuine issues of material fact and summary judgment on this issue is not appropriate at this time.

**B. Bad Faith**

Allstate seeks summary judgment on the Plaintiff's claims for statutory bad faith penalties. Louisiana law provides that statutory penalties may be assessed against insurers in certain situations for failure to timely resolve claims or pay settlement awards. For example, Louisiana Revised Statute § 22:658 provides that failure to timely pay or attempt to settle a claim in certain circumstances shall subject the insurer to a penalty "when such failure is found to be arbitrary, capricious, or without probable cause." La.Rev.Stat. Ann. § 22:658(B)(1). Similarly, Louisiana Revised Statute § 22:1220 sets forth that an insurer that breaches its "duty of good faith and fair dealing" to the insured shall be subject to statutory penalties. La.Rev.Stat. Ann. § 22:1220.

Under Louisiana law, however, the determination of whether an insurer acted arbitrarily, capriciously, or without probable cause necessarily depends on the facts of each individual case. *See Roberie v. S. Farm Bureau Cas. Ins. Co.*, 194 So.2d 713, 716 (La.1967) ("A determination as to what constitutes bad faith or lack of good faith depends on the facts and circumstances of each case."); see also *Combetta v. Ordoyne*, 04-2347, pp. 8-11 (La.App. 1 Cir. 5/5/06); 934 So.2d 836, 842-43 ("In order to determine whether or not an insurer acted reasonably and in good faith in negotiating and settling a claim, one must look to the facts of the individual case."). Moreover, in bad faith actions against an insurer, the insured bears a considerable burden because "the insured is seeking extra-contractual damages, as well as punitive damages." *See Lewis v. State Farm Ins. Co.*, 41-527, p. 25 (La.App. 2 Cir. 12/27/06); 946 So.2d 708, 725. The insured must prove that the "insurer knowingly committed actions which were completely unjustified, without reasonable or probable cause or excuse." See *Holt v. Aetna Cas. & Sur. Co.*, 28450-CA, p. 18 (La.App. 2 Cir. 9/3/96); 680 So.2d 117, 130."

Allstate claims that it had a reasonable basis to defend against the Plaintiff's claim in light of the reports of its appraisers. Allstate made an initial payment of $2,775 on September 22, 2005 for living expenses, and $26,152.31 on November 8, 2005 under the AA and BB sections of the policy, with a supplemental payment of $756.35 under for living expenses on November 21, 2005 and a supplemental $9,803.78 paid on February 13, 2005. The Plaintiff alleges that she called on November 22, 2005 to state that the money was not enough for the damages, and Allstate did nothing for over two months. The Plaintiff also claims that an Allstate employee orally conceded that the Plaintiff did not fail to mitigate the mold damage, as Allstate asserted, and that she was owed more for living expenses, but that Allstate never reopened her claim for living expenses. The Plaintiff does not simply contend that the amounts paid were too low; she also sets forth allegations that Allstate acted arbitrarily and capriciously in its handling of her claim. The Plaintiff further contends that the Defendant is liable for bad faith damages for its failure to pay the undisputed amount of damages, but the amount of damages that is undisputed is also a factual issue. Accordingly, there are genuine issues of material fact and summary judgment is inappropriate at this time.

### C. Emotional Distress

The Defendant argues that emotional and physical distress damages should be excluded as a matter of law because these are nonpecuniary losses arising from the alleged breach of a contract intended to gratify a pecuniary interest. In support, the Defendant cites *Sanders v. Zeagler*, 686 So.2d 819 (La. 1/14/97) for the proposition that La. Civ. Code art. 1998 governs recovery of nonpecuniary losses arising from breach of contract. La. Civ. Code art. 1998 states, "Damages for nonpecuniary loss may be recovered when the contract, because of its nature, is intended to gratify a nonpecuniary interest and, because of the circumstances

surrounding the formation or the nonperformance of the contract, the obligor knew, or should have known, that his failure to perform would cause that kind of loss. Regardless of the nature of the contract, these damages may be recovered also when the obligor intended, through his failure, to aggrieve the feelings of the obligee."

In *Weiss v. Allstate Ins. Co.*, the defendant raised an argument similar to that set forth by the Defendant in this case, that nonpecuniary damages cannot be recovered for the breach of an insurance contract because of La. Civ. Code art. 1998. 512 F.Supp.2d 463 (E.D. La. 2007). The court responded that such damages can be recovered under La. Rev. Stat. § 22:1220. "Allstate's reliance on the well-established principle that nonpecuniary damages cannot be recovered for breach of an insurance contract because the contract is not intended to gratify a nonpecuniary interest and plaintiffs have not shown that the insurer intended, through its failure, to aggrieve the feelings of the insured, is therefore misplaced. Plaintiffs' claim for general damages such as emotional distress does not arise from a simple breach of their insurance contract." *Id*. at 474-75 (citations omitted).

The Defendant argues that subsequent to that decision, *Sher v. Lafayette Ins. Co.*, 988 So.2d. 186 (La. 4/8/08) held that absent intent by an obligor to aggrieve the feelings of the obligee, a plaintiff cannot recover for nonpecuniary damages in an insurance contract. The Fifth Circuit addressed this argument in *Dickerson v. Lexington Insurance Company.* 2008 WL 5295389 (5th Cir. Dec. 22, 2008). With regard to the defendant's argument that mental anguish damages are not recoverable in a contract to satisfy a pecuniary interest, the Fifth Circuit found that La. Civ. Code 1998 does not bar the award of mental damages under La. Rev. Stat. § 22:1220. La. Rev. Stat. § 22:1220 is broadly worded, "explicitly permitting liability for any damages sustained, including, without limitation, any general or special

damages," and is not limited by La. Civ. Code 1998. *See id*. at *9. The Fifth Circuit recognized that § 22:1220 addresses breach of the duty of good faith, a harm distinct from breach of contract. Although the court in *Sher v. Lafayette Ins. Co.*, 988 So.2d. 186 (La. 4/8/08) held that mental anguish damages in a contract to satisfy a pecuniary interest cannot be recovered pursuant to a breach of contract claim under La. Civ. Code 1998, mental anguish damages may still be recovered under § 22:1220. Accordingly, the Defendant's motion for summary judgment barring emotional and physical distress damages shall be denied.

**IV.     CONCLUSION**

For the foregoing reasons, the Defendant's Motion for Summary Judgment is DENIED.

New Orleans, Louisiana this 20th day of January, 2009.

_____
UNITED STATES DISTRICT JUDGE